OPINION
{¶ 1} Defendant-appellant Matthew Buckingham appeals from an order of the trial court that he and his former spouse, plaintiff-appellee Jennifer Buckingham, both serve as residential parents and share equal parenting time for their minor child. Mr. Buckingham contends that the evidence does not support the trial court's decision. We agree.
 {¶ 2} In our prior judgment on appeal, we held that the mere removal of Ms. Buckingham from Arizona to Ohio was not a change in circumstances sufficient to justify a modification of the allocation of parental rights and responsibilities to what amounted to a shared parenting arrangement. On remand, the trial court has again entered an order amounting to a shared parenting arrangement, based upon a change of circumstances consisting of the Ms. Buckingham's removal from Arizona to Ohio. Under the law of this case, that is not a sufficient change of circumstances to justify modification to a shared parenting arrangement. Consequently, the order of the trial court is Reversed and Vacated.
 I {¶ 3} Matthew and Jennifer Buckingham were divorced in 1998 in Arizona. Ms. Buckingham was granted custody of the parties' minor child. Mr. Buckingham, who resided in Ohio, was granted out-of-state visitation rights. However, following subsequent hearings regarding Ms. Buckingham's refusal to permit visitation, the Arizona trial court awarded custody of the child to Matthew. In early 2002, the child began to reside with Mr. Buckingham in Darke County, Ohio.
 {¶ 4} By agreement of the parties, the Arizona divorce decree and the Arizona entry granting the change of custody were registered in Darke County, Ohio. In August of 2002, following her move to Montgomery County, Ohio, Ms. Buckingham sought to have the Darke County Common Pleas Court assume jurisdiction of the case. Her motion also sought a modification of visitation. The trial court entered a temporary order granting Ms. Buckingham standard visitation. Ms. Buckingham later moved to Darke County and filed a "Motion for Increase in Companionship Time," in which she sought mid-week visitation and "all other additional companionship time provided for under [the] Court's standard visitation schedule option two." The trial court appointed a Guardian Ad Litem to represent the minor child. The GAL filed a report recommending that the parties alternate "weeks of being primary custodial parent." Thereafter, Ms. Buckingham filed an amended motion seeking visitation in accord with the GAL's report.
 {¶ 5} Following hearings on the matter, the trial court ordered equal parenting time with the parties with alternate months as the residential parent. Mr. Buckingham appealed from that order, contending that the trial court abused its discretion. We agreed. See, Buckingham v. Buckingham, Darke App. No. 1626. 2004-Ohio-1942 (hereinafter Buckingham I).
 {¶ 6} In Buckingham I, we noted that the trial court's decision treated Ms. Buckingham's motion as one for shared parenting, which constitutes a change in custody, and that the trial court did not apply the appropriate factual standard for modification of custody. We further stated that the none of the reasons cited by the trial court in support of its order were sufficient to justify a change of custody. Id. We reversed the order of the trial court, and remanded this cause for further proceedings. Our judgment on appeal was not the subject of a further appeal by either party.
 {¶ 7} On remand, the trial court entered an order in which it stated:
 {¶ 8} "Upon reconsideration herein, the Court has reviewed the testimony from the original hearing. The report of the Guardian Ad Litem is again a beneficial tool for the Court in its decision herein. Further the Court adopts the factual findings set forth in its original decision filed July 15, 2003. [Rehearing herein is not necessary since the matter was remanded for application of the appropriate legal standard.]
 {¶ 9} "The Court finds that the following facts support its conclusion that there has been a change of circumstances: the residential parent and child lived in Arizona at the time of the last decree; the residential parent and child now live in Ohio; the closer proximity between the parents; the closer proximity between [the minor child] and his mother; the Defendant's changed work schedule which results in additional time for Jonah in the care of other persons (i.e. paternal grandparents and child care center.)"
 {¶ 10} The trial court further found that "equal parenting time is in the best interests of the child and that any harm to the child is outweighed by the benefits." The trial court stated that in "ordering equal visitation time based upon the more stringent standards of R.C. 3109.04(E)(1)(a)(iii), [it was] not establishing a de facto parenting decree as stated by the Court of Appeals." The trial court then again ordered the parties to equally divide parenting time on a month-to-month basis. From this order Mr. Buckingham again appeals.
 II {¶ 11} Mr. Buckingham's sole Assignment of Error states as follows:
 {¶ 12} "The trial court abused its discretion when it ordered that the parties shall equally divide parenting time on a month to month basis."
 {¶ 13} Mr. Buckingham contends that the trial court erred in ordering the parties to equally divide parenting time. In support, he focuses on the argument that the evidence does not support the trial court's findings.
 {¶ 14} We need not consider Mr. Buckingham's arguments. Since our prior judgment was not appealed by either party, it is now the law of the case, and we note that the trial court misconstrued the nature of our mandate on remand In BuckinghamI we noted that before a trial court may modify a prior custody decree, there must be a finding of a change in circumstances and that the change must be of substance. Id. We further noted that the only change that had occurred since the entry of the prior custody decree from Arizona was Ms. Buckingham's move to Ohio. Id. This change was not deemed sufficient to warrant a change of custody. Id.
 {¶ 15} The only other change noted by the trial court to support its finding hinged upon Matthew's employment. However, the evidence in the record indicates that Mr. Buckingham's employment has not changed since the entry of the Arizona order. Therefore, this cannot form the basis for a finding of changed circumstances.
 {¶ 16} Additionally, we again note that Ms. Buckingham did not file a motion for a change of custody; she sought an order concerning visitation. We agree with the trial court that an increase in visitation might be warranted in this case. However, in Buckingham I we found that the modification made by the trial court crossed the line separating an adjustment of visitation from a modification of custody, in that it essentially created a shared parenting plan. Again, neither party appealed from our judgment, so that it stands as the law of the case. Thus, the trial court's order regarding the modification cannot stand Ms. Buckingham is of course free to seek a change of visitation that does not conflict with our opinion herein or inBuckingham I. She will also be free to seek a modification of custody whenever she can demonstrate a sufficient change of circumstances.
 {¶ 17} Mr. Buckingham's sole assignment of error is sustained.
 i. III {¶ 18} Mr. Buckingham's sole assignment of error having been sustained, the order of the trial court creating a shared parenting plan is Reversed and Vacated.
Brogan and Young, JJ., concur.